## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

JOSHUA DELLER, *on behalf of himself and all others similarly situated,*

      Plaintiff,

v.

DREXEL UNIVERSITY,

      Defendant.

Case No. 2:23-cv-3746

**COMPLAINT – CLASS ACTION**

**JURY TRIAL DEMANDED**

Plaintiff Joshua Deller ("Plaintiff"), by and through his undersigned counsel, brings this Class Action Complaint against Defendant Drexel University ("Drexel" or "Defendant"), and alleges as follows based upon information and belief, except as to the allegations specifically pertaining to him, which are based on personal knowledge.

### NATURE OF THE ACTION

1.    Higher education is no different from any other industry in as much as consumers (*i.e.*, students) have the ability to shop between different educational products offered by competitive institutions before ultimately purchasing the product that is right for them.

2.    Some colleges and universities offer an educational product without access to a campus or in-person community, while others offer an educational

1

product with access to a varied suite of services, activities, facilities and experiences through an on-campus, in-person educational experience.

3.     Drexel offers students the option to pick either (1) online classes, or (2) an on-campus, in-person educational experience in Philadelphia, Pennsylvania.

4.     Plaintiff, an undergraduate student during the Spring 2020 quarter, paid tuition and fees to enroll in Drexel's on-campus, in-person education program, including all the benefits and services associated therewith for the entirety of the term.

5.     Plaintiff's paid-for experience was not provided throughout the Spring 2020 quarter, when that in-person educational experience was taken away from Plaintiff and other students at Drexel.

6.     In March 2020, in response to the outbreak of the SARS-CoV-2 virus, the virus that causes the COVID-19 disease (the "COVID-19 pandemic"), Drexel, like many other universities, transitioned to remote online-only education, canceled on-campus recreational events, canceled student activity events, and ordered students to refrain from going on campus.

7.     As a result, all on-campus education, services, and amenities were not available to Drexel students for the entirety of the Spring 2020 term.

8.     Despite the harsh reality that students could no longer enjoy the benefit of the bargain for which they pre-paid, Drexel refused to provide a prorated refund

of tuition or fees tied to its on-campus education, services, and amenities that were not available to students for the Spring 2020 term.

9.    Accordingly, Drexel's students lost the benefits of the bargain for services and the experience they paid for but could not access or use following the school's transition to remote learning in March 2020.

10.    By not giving prorated refunds for tuition or fees charged for on-campus education and services not provided, Drexel breached its contracts with students or was otherwise unjustly enriched.

11.    It cannot be disputed that the circumstances underlying this legal action are unfortunate and unprecedented. However, the students did not choose these circumstances, and they certainly did not agree to pay tuition and fees for online-only education and services.

12.    It is unfair and unlawful for Drexel to retain tuition and fees for campus-based in-person education and services not being provided and to pass the financial losses on to its students.

13.    Importantly, Plaintiff does not challenge Defendant's discretion in adhering to federal, state, and local health guidelines, but rather challenges Drexel's decision to retain the tuition and fees, paid by Plaintiff and other students for in-person education, experiences, access to campus, and services, without providing such for the entire duration of the Spring 2020 quarter.

3

14.     Plaintiff brings this class action for damages and restitution resulting from Drexel's retention of the tuition and fees paid by Plaintiff and the other putative Class members for in-person education and services not being provided. Specifically, this lawsuit seeks disgorgement of the prorated, unused amounts of the fees that Plaintiff and other putative Class members paid, but for which they were not provided the benefit, as well as a partial prorated tuition reimbursement representing the difference in fair market value between the on-campus product for which they had paid, and the online product that they received.

<u>**PARTIES**</u>

15.     Plaintiff, Joshua Deller, is an adult, who at all relevant times, is a resident and citizen of the Commonwealth of Pennsylvania. He paid tuition and fees for the Spring 2020 term. During the Spring 2020 term, Plaintiff was forced to take his classes remotely, refrain from visiting campus, and prevented from utilizing various on-campus services for which he paid.

16.     Plaintiff was an undergraduate student enrolled at Drexel for the Spring 2020 term, which was scheduled to run from approximately March 30, 2020 to June 13, 2020. The term start was delayed until April 6, 2020, and Plaintiff did not have access to the campus throughout the entirety of the Spring term because the campus was closed due to the COVID-19 pandemic. Plaintiff paid tuition and fees for an in-person educational experience during the Spring 2020 term, the benefits of which he

4

lost because Drexel closed the campus and cut off access to on-campus services, facilities, and extracurricular activities.

17.    Defendant Drexel is a private research university founded in 1891. Drexel is composed of three campuses in the Philadelphia, Pennsylvania area and one in Sacramento, California that offer over 70 undergraduate programs and over 100 master's, doctoral and professional programs. Defendant's undergraduate program enrolls students from Pennsylvania as well as throughout other states and countries. Its principal campus is located in the city of Philadelphia, Philadelphia County, Pennsylvania. Defendant is a citizen of Pennsylvania.

## JURISDICTION AND VENUE

18.    The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs.

19.    This Court has personal jurisdiction over Defendant because many of the acts and transactions giving rise to this action occurred in this District, and because Defendant conducts substantial business by operating its principal campus in this District, and soliciting students residing in this District to attend its institution.

20.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this District, specifically, the contracts that are the subject of this action were formed in this District, and the performance and breach of contract also occurred in this District.

## FACTUAL ALLEGATIONS.

21.     Prior to the COVID-19 pandemic, Drexel had a longstanding tradition of offering most of its courses in face-to-face classroom settings on campus. In accordance with this prior course of conduct, Drexel scheduled the vast majority of its Spring 2020 courses to be in-person and on-campus.[1]

22.     Every Drexel student, when enrolling in courses, has the option to select either in-person classes with a physical campus location or courses offered partially or fully online through Drexel's online registration portal.

23.     When students register for courses, Drexel's electronic course catalog and registration portal allowed students to select in person or online courses. Further, in the description of classes course were identified by the instructional method, such as "Face to Face," and campus based on the physical location such as "University City." Additionally, students' individual registration portal would provide the physical campus, building, room and times each class was scheduled to meet in.

---

[1] *See generally Drexel Online Course Schedule & Catalog*, Drexel University, https://web.archive.org/web/20200831193655/https://www.online.drexel.edu/mastercourseschedule.aspx (last visited Sept. 21, 2023).

Therefore, when enrolling in classes, Drexel students made informed choices about whether to spend their tuition dollars on in-person, "Face to Face", or online modes of course delivery.

24.    Drexel recognizes that in-person and online instructional modes offer different products that are more than just education. Specifically, Drexel online highlights that is uses the same accredited curriculum and distinguished faculty as it does on-campus[2], however at the same time charging approximately 50% less than its in-person traditional tuition rates.[3]

25.    To enroll in classes, Drexel students are required to pay tuition and some form of mandatory fees. The Spring 2020 term was scheduled to commence on or about March 30, 2020 and end or about June 13, 2020. The term start was delayed until April 6, 2020.[4]

26.    Tuition and fees for the Spring 2020 quarter was $17,382 for full-time traditional undergraduate student plus a $790 General per term fee and $1,173 per

---

[2] See *Drexel University Online Education*, Drexel University https://www.online.drexel.edu/?_gl=1*1tde0jo*_ga*NzM2NzExNzUyLjE2OTUz MDYzNDc.*_ga_6KJ1PNLE19*MTY5NTMwNjM0Ny4xLjEuMTY5NTMwNjc1 NC41MS4wLjA. (last visited Sept. 21, 2023).

[3] See *Online Bachelor of Science in General Studies*, Drexel University https://www.online.drexel.edu/online-degrees/bachelors-degrees/bs-gs-mgmt/ index.aspx#tuition (last visited Sept. 21, 2023).

[4] *Quarter Calendar 2019-2020*, Drexel University, https://drexel.edu/provost/ policies-calendars/academic-calendars/quarter-2019-2020/ (last visited Sept 21, 2023)

credit for part-time undergraduate students.[5] Tuition rate for Graduate students varied based on program of study but general was between $649 and $1,858 per credit hour, as well as a general fee of approximately $280.[6]

27.    Drexel uses its marketing materials, course catalog, and other bulletins to solicit students for its in-person, on-campus academic programs.

28.    Drexel describes in-person experiential learning as a core benefit of enrollment at the university. For example, Drexel's Catalog highlights its "high-quality experiential education"[7] which supports its notion that Drexel is "widely recognized for excellence in technology-based, experiential learning."[8]

29.    The in-person nature of the Drexel's experiential learning is further bolstered in its viewbook where Drexel stated, "here, your education will combine advanced academics with experiential learning, providing the opportunity to expand upon your classwork by working side by side with your professors, learning directly

---

[5]    *2019-2020 Undergraduate Catalog*, Page 15 (available at https://deptapp08.drexel.edu/catalog/archive/pdf/2019/2019-2020-Undergraduate-Catalog-Archive.pdf) (last visited Sept. 21, 2023); see also *Undergraduate Tuition and Fees*, Drexel University, https://web.archive.org/web/20201102095058/https://drexel.edu/drexelcentral/cost/tuition/undergraduate/ (last visited Sept. 21, 2023).

[6] *Graduate Tuition and Fees*, Drexel University, https://web.archive.org/web/20201102092439/https://drexel.edu/drexelcentral/cost/tuition/graduate/ (last visited Sept. 21, 2023).

[7] *Catalog*, Supra Note 5, pg. 9.

[8] *Id*. at pg. 10.

from the leaders of your field through our cooperative education program gaining valuable experience in research."[9]

30.     Drexel further highlights the in-person nature of the educational product that it offers stating "Drexel provides an unparalleled classroom experience, where you'll find rigorous and challenging courses presented in state-of-the-art facilities and taught by respected faculty composed of leaders and visionaries of their field."[10]

31.     Drexel also touts the benefits of other on-campus resources. For example, Drexel markets its student campus life stating that "at Drexel, you can get involved with over 250 student clubs and organizations."[11]

32.     In describing its offering, Drexel acknowledges the "big part" that on-campus life playing in the total experience at Drexel.[12] Drexel outlines numerous ways that its in-person, on-campus resources benefit students, including but not limited to:

      a.     On-campus residence, which Drexel requires from all first- and second-year undergraduate students with limited exceptions;[13]

---

[9] *Drexel University Viewbook* ("Viewbook"), Drexel University, chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://drexel.edu/~/media/Drexel/Core-Site-Group/Core/Documents/admissions/undergrad/publications/viewbook .ashx, at 10-11 (last visited Sept. 21, 2023).
[10] *Id*. at 4
[11] *Id*. at 22.
[12] *Id*. at 21.
[13] *Id*.

b.    Cooperative experiential educational model which provides students with real life experience in their chosen field;[14]

c.    Career development resources, offered by Drexel's Steinbright Career Development Center;[15]

d.    State-of-the-art labs and facilities that are designed to enhance the educational experience;"[16]

33.    Moreover, in advertising and soliciting students to attend the university, Drexel advertises its location as a central element of the academic experience. Drexel advertises that "Drexel makes full use of its metropolitan setting by integrating Philadelphia and its resources into the classroom, co-op/internship experiences, and student life, making it a model for other urban universities."[17]

34.    Further, Drexel highlights its over 130 year history of "…preparing women and men for success in their chosen careers incorporating experiential learning and celebrating diversity."[18]

35.    Plaintiff and members of the Class paid their tuition in the Spring 2020 term to enjoy everything Drexel offered them, including on-campus resources, campus community, and in-person education for the entire Spring 2020 term.

---

[14] *Id.* at 6

[15] *Id.* at 8.

[16] *Id.* at 11.

[17] *Catalog*, *supra* note 5 at 10.

[18] *Id.* at 9.

36.     When enrolling in classes for Spring 2020, Plaintiff and members of the Class chose to enroll in classes offered in-person, with face-to-face instruction to obtain the benefits outlined above.

37.     Plaintiff and members of the Class were also required to pay a mandatory fee (the "Mandatory Fee") for the Spring 2020 term. The Mandatory Fee was a $790 fee described as a General University fee, that was billed during all terms including co-op.[19] Graduate Students were charged a General Fee of approximately $280.[20]

38.     Plaintiff and the members of the Class paid the Mandatory Fee for the Spring 2020 term so they could benefit from on-campus services and facilities offered by Drexel to its students.

39.     Despite Plaintiff and Class Members paying the Spring 2020 term tuition and Mandatory Fee to attend Drexel for an in-person and on-campus educational experience, Drexel failed to provide the promised in-person education for the duration of the entire term, instead providing only online instruction during the Spring 2020 term.

---

[19] Catalog, *supra* note 5.
[20] *Graduate Tuition and Fees*, Drexel University, https://web.archive.org/web/20201102092439/https://drexel.edu/drexelcentral/cost/tuition/graduate/ (last visited Sept. 21, 2023).

**A.**     **In Response to COVID-19, Drexel Closed Campus, Preventing Access to its Facilities, Services, Housing, and Dining, and Cancelled All In-Person Classes.**

40.     On March 16, 2020, Drexel announced that the entire spring term would be taught remotely.[21] At that time, Drexel announced that there would be a two week break and classes would resume on April 6, 2020, and only remote instruction would be offered.[22]

41.     At the same time, Drexel closed its campus indefinitely, directed all students to vacate campus, and suspended all non-critical on-campus research activities.[23] In a follow-up message on March 18, 2020 Drexel announced its decision to close all campus facilities to the public as of March 20, 2020.[24]

42.     Drexel did not hold any in-person classes for undergraduate students during the Spring 2020 term. All Spring 2020 classes were only offered in a remote online format with no in-person instruction or interaction.

43.     Most of the services for which the Mandatory Fee was assessed were also terminated or cancelled at or about this time, such as access to student health

---

[21] *Entire Spring Term to be Taught Remotely; Clinical Experiences Suspended; On-Campus Research Activities Restricted,* Drexel University (Mar. 16, 2020) https://drexel.edu/news/archive/2020/March/Entire-Spring-Term-to-be-Taught-Remotely
[22] *Id.*
[23] *Id*.
[24] *Campus Prepares for Move-Out, Closure to Public*, Drexel University (Mar. 18, 2020) https://drexel.edu/news/archive/2020/March/campus-prepares-for-move-out-closed-to-public

and wellness facilities, programs or services; studios and study spaces; fitness facilities; and student events.

44.    Although Drexel provided prorated refunds for residence hall rooms and dining hall plans, Drexel refused to adjust its tuition policies, including its policies governing tuition or the Mandatory Fee. Under those policies, the shift to exclusive remote online instruction occurred after students had already registered for course and made the necessary financial obligations to pay the associated tuition and fees.

**B.    Students Experienced Significant Losses, in Many Cases of Borrowed Funds as a Result of Drexel's Conduct.**

45.    At Drexel, the median federal loan debt among borrowers who completed their undergraduate degree is $25,325.[25] The median monthly federal loan payment (if it were repaid over 10 years at 5.05% interest) for student federal loan borrowers who graduated from Drexel is $268.[26]

46.    With the campus shut down for the entire term, Plaintiff and the proposed Class have been deprived of the benefits of the on-campus educational services and access as set forth above. Nevertheless, Drexel has refused to refund

---

[25]    *Drexel University Tuition & Financial Aid*, U.S. News, https://www.usnews.com/best-colleges/drexel-university-3256/paying (last visited Sept. 21, 2023).
[26] *Id.*

any portion of the tuition or the Mandatory Fee, despite not providing the on-campus educational, services, and access for which students paid.

47.    Students attending Drexel's Spring 2020 term did not choose to attend an online institution of higher learning, but instead chose to enroll in Drexel's in-person, on campus educational program.

48.    During the Spring 2020 term, Drexel principally used programs by which previously recorded lectures were posted online for students to view on their own, or by virtual Zoom meetings. Therefore, there was a lack of classroom and experiential learning and interaction between students and professors and among students that is material to the product that students paid for.

49.    The online formats used by Drexel did not require memorization or the development of strong study skills given the absence of any possibility of being called on in class and the ability to consult books and other materials when taking exams.

50.    Students were deprived of the opportunity for hands-on, experiential, and collaborative learning and in-person dialogue, feedback, and critique, for which they were promised and pre-paid for.

51.    Access to facilities such as libraries, laboratories, computer labs, and study rooms, integral to a university education, and access to the myriad activities offered by campus life that foster social development, leadership, wellness,

independence, and networking for future careers, are all substantial and materials parts of the basis upon which Drexel can charge the tuition it charges. Contrary to Drexel's promises, these services and facilities were not provided.

52.    Drexel has not made any refund of any portion of the tuition Plaintiff and the members of the Class paid for the Spring 2020 term for the period it moved to online distance learning.

53.    Nor has Drexel refunded any portion of the Mandatory Fee it collected from Plaintiff and the members of the Class for the Spring 2020 term even though Defendant closed or ceased operating the services and facilities for which the Mandatory Fee was intended to pay.

54.    Plaintiff and the Class are therefore entitled to a *pro rata* refund of the tuition and Mandatory Fee they paid Drexel for the Spring 2020 term after classes moved from in-person to online and facilities were closed.

## **CLASS ACTION ALLEGATIONS**

55.    Plaintiff brings this case individually and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the class defined as:

> All Drexel University students who satisfied their payment obligations for the Spring term 2020 tuition and/or Mandatory Fees and enrolled in at least one in-person on-campus class (the "Class").

56.    Specifically excluded from the Class are all students who received full Drexel-funded scholarships for the Spring 2020 term, Defendant, Defendant's

officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers.

57.     Subject to additional information obtained through further investigation and discovery, Plaintiff reserves the right to amend, narrow, or expand the class definitions.

58.     **Numerosity:** The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is unknown to Plaintiff, Drexel reported thousands of students enrolled for the 2019-2020 school year. The names and addresses of all such students are known to Drexel and can be identified through Drexel's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

59.     **Commonality:** There are questions of law and fact common to the members of the Class including, without limitation:

   a.     Whether Drexel accepted money from Plaintiff and the Class members in exchange for the promise to provide an in-person and on-campus educational experience, as well as certain facilities and services throughout the Spring 2020 term;

b.      Whether Drexel breached its contracts with Plaintiff and the members of the Class by failing to provide them with an in-person and on-campus educational experience during the entirety of the Spring 2020 term;

c.      Whether Drexel breached its contracts with Plaintiff and the Class by transitioning to remote education, and failing to provide the services and facilities to which the Mandatory Fee pertained;

d.      Whether Drexel was unjustly enriched by retaining a portion of the tuition and Mandatory Fee during the period of time Drexel was closed during the Spring 2020 term, and Plaintiff and the members of the Class were denied an in-person and on-campus educational experience and access and the services and facilities for which the Mandatory Fee was paid; and

e.      The amount of damages and other relief to be awarded to Plaintiff and the Class members.

60.      **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and the other Class members each contracted with Defendant for it to provide an in-person and on-campus educational experience for the tuition they paid and the services and facilities for the Mandatory Fee that they paid, that Drexel stopped providing for the remainder for the Spring 2020 term.

17

61.    **Adequacy of Representation:** Plaintiff is an adequate class representative because his interests do not conflict with the interests of the other Class members whom he seeks to represent. Plaintiff has retained competent counsel who are experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. Class members' interests will be fairly and adequately protected by Plaintiff and his counsel.

62.    **Predominance.** Common questions of law and fact predominate over any questions affecting only individual Class Members. Similar or identical violations, business practices, and injuries are involved. Individual questions, if any, pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action. For example, Defendant's liability and the fact of damages is common to Plaintiff and each member of the Class. If Defendant breached its contracts to Plaintiff and Class members, then Plaintiff and each Class member suffered damages by that conduct.

63.    **Superiority:** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members is relatively small compared to the burden and expense that would be required to individually litigate their claims against Drexel, making it impracticable for Class

Members to individually seek redress for Drexel's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individual litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

64.     **Ascertainability:** Members of the Class are ascertainable. Class membership is defined using objective criteria and Class members may be readily identified through Defendant's books and records.

**FIRST CLAIM FOR RELIEF**
**BREACH OF IMPLIED CONTRACT**
**(On Behalf of Plaintiff and the Class)**

65.     Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

66.     Plaintiff brings this claim individually and on behalf of the members of the Class.

67.     When Plaintiff and Class members paid Drexel tuition and the Mandatory Fee for the Spring 2020 term, Drexel agreed to, among other things, provide an in-person and on-campus educational instruction, services and access, as well as the services and facilities to which the Mandatory Fee they paid pertained

throughout the Spring 2020 term. As a result, Plaintiff and each member of the Class entered into binding implied contracts with Drexel.

68.    When entering into implied contracts, Plaintiff and Class members reasonably believed and expected that Drexel would provide them with an on-campus and in-person educational instruction, services, access, as opposed to remote learning, and use of Defendant's facilities and services for the duration of the entire Spring 2020 term as mutually agreed and intended in accordance with Defendant's publications, including but not limited to, its marketing materials, course catalogues, and other bulletins, as well as Drexel's history and prior course of providing in-person and on-campus education.

69.    Plaintiff and Class members fully performed their obligations under their implied contracts with Drexel by registering for classes and paying tuition and the Mandatory Fee.

70.    Defendant is in possession of all contracts, materials, circulars, advertisements and the like between Plaintiff and members of the Class on one hand, and Drexel on the other.

71.    Drexel breached its contracts with Plaintiff and the Class by failing to provide the promised in-person and on-campus educational instruction, services, and access, as well as the services and facilities to which the Mandatory Fee pertained throughout the Spring 2020 term, yet has retained monies paid by Plaintiff and the

Class for an on-campus and in-person educational experience and access to these services and facilities during the entire Spring 2020 term. Plaintiff and the members of the Class have therefore been denied the benefit of their bargain.

72.     Plaintiff and the members of the Class have suffered damages as a direct and proximate result of Drexel's breach in the amount of the prorated portion of the tuition and Mandatory Fee they each paid equal to the reduction in contracted for education and services during the Spring 2020 term when Drexel discontinued in-person classes and closed campus facilities.

73.     Drexel should return such portions of the tuition and Mandatory Fee to Plaintiff and each Class Member.

**SECOND CLAIM FOR RELIEF**
**UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and the Class)**
**In the Alternative**

74.     Plaintiff repeats and re-alleges the factual allegations above, as if fully alleged herein.

75.     Plaintiff brings this claim individually and on behalf of the members of the Class in the alternative to the First Claim for Relief, to the extent it is determined that Plaintiff and the Class do not have an enforceable contract with Drexel regarding the relief requested.

76.     Plaintiff and members of the Class conferred a benefit on Drexel in the form of tuition and the Mandatory Fee paid for the Spring 2020 term. The payment

of this tuition and Mandatory Fee was to be in exchange for an in-person, on-campus educational instruction, services, and access to be provided to Plaintiff and the members of the Class throughout the Spring 2020 term.

77.     Drexel knowingly accepted the benefits conferred upon it by Plaintiff and Class members.

78.     Drexel has retained the full benefit of the tuition and Mandatory Fee payments made by Plaintiff and the members of the Class for the Spring 2020 term— without providing the benefits that Plaintiff and Class members were owed.

79.     For example, Drexel failed to provide Plaintiff and Class Members access to many on-campus facilities and services throughout the entire Spring 2020 term, yet Drexel assessed and retained Plaintiff and Class Members with tuition and fees that covered the cost of upkeep and maintenance of such facilities and services.

80.     Indeed, as a result of closing campus and moving classes online, Drexel saved significant sums of money in the way of reduced utility costs, reduced meaning and staffing requirements, reduced or eliminated hours for hourly employees, reduced or eliminated hours for paid work students, and otherwise.

81.     The costs incurred for having an online only program are significantly lower than the overhead needed to provide classes and services on campus.

82.     As a result of Drexel's retention of all the tuition and Mandatory Fee paid by Plaintiff and members of the Class, during the period of time Drexel was

closed, Plaintiff and the members of the Class were denied the in-person and on-campus educational instruction, services, and access and the services and facilities for which the Mandatory Fee were paid. This was unjust and inequitable under the circumstances.

83.     Allowing Drexel to retain the full benefit of tuition and Mandatory Fees paid for in-person on campus education and experiences, after reducing the benefit provided and the costs incurred by Drexel, unjustly enriched the Defendant.

84.     Accordingly, Drexel has been unjustly enriched and should return the prorated portion of the tuition and Mandatory Fee that Plaintiff and Class members each paid equal to the reduction in benefit for education and services during the Spring 2020 term when Drexel discontinued in-person classes and closed campus facilities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays for relief as follows:

(a)     For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b)     For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c)     For compensatory damages in an amount to be determined by the trier of fact;

(d)     For an order of restitution and all other forms of equitable monetary relief;

(e)     Awarding Plaintiff reasonable attorneys' fees, costs, and expenses;

(f)     Awarding pre- and post-judgment interest on any amounts awarded; and

(g)     Awarding such other and further relief as may be just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

A jury trial is demanded on all claims so triable.

Dated:  September 26, 2023                     Respectfully submitted,

*/s/ Gary F. Lynch*
Gary F. Lynch
Jamisen A. Etzel
Nicholas A. Colella
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Telephone: 412-322-9243
Facsimile: 412-231-0246
gary@lcllp.com
jamisen@lcllp.com

24

nickc@lcllp.com

Michael A. Tompkins, Esq.
Anthony Alesandro, Esq.
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
(516) 873-9550
mtompkins@leedsbrownlaw.com
aalesandro@leedsbrownlaw.com

*Counsel for Plaintiff and Proposed
Class*