IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSHUA DELLER, on behalf of himself and all other similarly situated,**<br><br>*Plaintiff,*<br><br>v.<br><br>**DREXEL UNIVERSITY,**<br><br>*Defendant.* | **Case No. 2:23-cv-03746-JDW** |

## ORDER

AND NOW, this 9th day of January, 2025, upon review of the Parties' submissions in response to my Order To Show Cause dated August 23, 2024, directing the Parties to submit briefing on the discretionary exception to the exercise of jurisdiction under the Class Action Fairness Act (ECF No. 31), it is **ORDERED** that the Order To Show Cause is **OVERRULED**, and I will not dismiss this case, for the following reasons.

1. A District Judge has the power to raise CAFA's discretionary exceptions *sua sponte* because the exception is, in effect, an abstention provision,[1] and the Third Circuit has held that courts can raise abstention doctrines *sua sponte*.[2]

---

[1] *See Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141–43 (2d Cir. 2013); *Watson v. City of Allen*, 821 F.3d 634, 639 (5th Cir. 2016).
[2] *See Altice USA, Inc. v. New Jersey Bd. Of Pub. Util.*, 26 F.4th 571, 575 n.2 (3d Cir. 2022); *O'Neill v. City of Phila.*, 32 F.3d 785, 786 n.1 (3d Cir. 1994); *cf. Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 146 n.22 (3d Cir. 2014) (noting district court can raise abstention under Declaratory Judgment Act *sua sponte*).

2. Overall, the statutory factors that I must consider in assessing CAFA's discretionary exception to jurisdiction[3] favor the exercise of jurisdiction in this case:

    a. <u>National or interstate interest:</u> This case presents a question of whether students who attended a university in Philadelphia can get a refund for tuition that they paid during the height of the COVID-19 pandemic, which is not an issue or national or interstate interest, so this factor cuts against the exercise of jurisdiction;

    b. <u>Governing law:</u> Pennsylvania law applies to Mr. Deller's claims, and while the application of law to the facts of this case is up in the air, the law itself is not novel, so I am as capable as a Pennsylvania state court judge of applying that law, meaning this factor favors the exercise of jurisdiction;

    c. <u>Creative pleading:</u> Mr. Deller did not plead the case to avoid federal jurisdiction; to the contrary, he invoked federal jurisdiction, and I give some weight to his choice of forum,[4] so this factor favors the exercise of jurisdiction;

    d. <u>Nexus to harm:</u> Drexel is a Pennsylvania institution, and the harm—students missing out on in-person education—occurred on Drexel's campus in Philadelphia, so this Court has a nexus to the forum;

---

[3] *See* 28 U.S.C. § 1332(d)(3).
[4] *Cf. Dirvin v. Garrison Property and Cas. Ins. Co.*, Civ. A. No. 24-cv-2399, 2024 WL 5159191, at * 3 (E.D. Pa. Dec. 17, 2024) (plaintiff's choice of forum receives "paramount consideration" in transfer of venue analysis) (quote omitted).

    e. <u>Citizenship and dispersal</u>: 55% of the class members live in Pennsylvania, but 17% are in New Jersey and approximately 5% are in New York, so those states have substantial interests in the outcome of this case, which favors the exercise of federal jurisdiction; and

    f. <u>Prior class actions:</u> There are no other similar suits pending in any other forum, which renders this factor neutral or tilts slightly against the exercise of jurisdiction.

  3. Although there's no definitive way to balance these factors, in this case, the factors generally tilt in favor of the exercise of federal jurisdiction, and the factors that tip the other way do not do so strongly enough to justify the exercise of my discretion to decline to exercise that jurisdiction.

  It is **FURTHER ORDERED** that Defendant Drexel University's Motion For Summary Judgment (ECF No. 20) is **DENIED**. Based on my review of the record, I cannot determine what documents or other promises constitute the agreement between Mr. Deller and Drexel. I therefore cannot determine whether there was a promise of in-person learning, whether the Commonwealth of Pennsylvania's response to the Covid-19 pandemic rendered performance with that indeterminate contract impossible, or whether Drexel's offer to permit students to enroll in virtual learning complied with or modified the Parties' agreement. As the movant, Drexel bears a burden of persuasion. See *Sorba v. Pa. Drilling Co., Inc.*, 821 F.2d 200, 202 (3d Cir. 1987). Given the factual uncertainties, Drexel has not

carried that burden. And, given the Third Circuit's decision in *Hickey v. Univ. of Pittsburgh*, 81 F.4th 301 (3d Cir. 2023), there is ample reason to hold Drexel to that burden of persuasion strictly.

It is **FURTHER ORDERED** that the Parties shall appear for a status conference via Zoom on January 16, 2025, at 10:00 a.m. EST to discuss a schedule for this case moving forward. My chambers will provide a Zoom link the day before the conference.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.